Argued March 27, affirmed April 16, rehearing denied May 14, 1918.

# ROBINSON *v.* KNIGHTS AND LADIES OF SECURITY.

### (172 Pac. 116.)

**Insurance — Fraternal Beneficiary Insurance — Proof of Death — Estoppel.**

1. The widow of a deceased, who was ignorantly induced to assent to a physician's certificate of death as the result of the use of chloroform, could be bound only by an estoppel.

**Estoppel—Pleading.**

2. An estoppel must be pleaded in order to be available.

**Insurance—Fraternal Beneficiary. Insurance—Insurer's Plea of Tender of Dues Paid—Sufficiency.**

3. In an action upon a beneficiary certificate, the insurer's plea that, upon being informed of facts, which, if true, would have avoided the certificate, it tendered to plaintiff and she accepted all dues which deceased had paid in, without alleging an acceptance in satisfaction of her demand or an acceptance as an accord and satisfaction, was insufficient.

**Insurance—Fraternal Beneficiary Insurance—Acceptance of Tender—.Waiver.**

4. Where plaintiff in an action on a benefit certificate accepted the insurer's tender of dues which deceased had paid in without accepting it in satisfaction of her demand or as an accord. and satisfaction, she did not waive her demand.

    [As to the mode of and necessity for pleading estoppel, see note in **27 Am. St. Rep. 344.**]

**Insurance—Fraternal Beneficiary Insurance—Waiver of Insured's De-
mand—Pleading.**

5.   A waiver must be pleaded with the same particularity as an
estoppel.

**Appeal and Error—Harmless Error—Constitutional Provisions.**

6.   In an action upon a benefit certificate, an instruction as to the
reinstatement of insured, after default in payment of dues notwith-
standing his physical condition, abstractly correct though partly with-
out support in the evidence, and apparently not misleading, in view
of Const. Amend., Art. VII, § 3, authorizing the disregard of technical
errors, would not require a reversal.

From Multnomah: GEORGE R. BAGLEY, Judge.

Department 1.

This is an action brought by the plaintiff upon a
beneficiary certificate issued by the defendant on
January 18, 1915, to Joseph A. Robinson, who died
October 14, 1915. The plaintiff, who was the wife of
deceased, was named as beneficiary in said certificate
and seeks to recover from the defendant $631, the
amount due by the terms of said certificate. The com-
plaint alleged that deceased in his lifetime complied
with all the conditions of said certificate and the by-
laws of the Order; that he did not come to his death
through any of the causes excepted in said certificate
or the by-laws of the Order, and that he was a mem-
ber in good standing at the time of his death.

The defendant answered setting up, that deceased,
at the time of his death, was not a member in good
standing but was delinquent in the payment of his as-
sessments and was, according to the rules of said
Order, a suspended member; that the assessment for
May, 1915, was not paid until June 4, 1915; that the
assessment for June was not paid until July 2, 1915;
that the assessment for July was not paid until August
13, 1915; that the assessment for August was not paid
until September 10, 1915; that the assessment for Sep-
tember was not paid until October 19, 1915; that at

the dates of all of these delinquencies deceased was suffering from heart trouble and heart disease super-induced by the use of chloroform, was being treated by a physician for that ailment, and that with a full knowledge of his condition he made the payments after he became suspended; that at the time he made said payments he was intemperate in the use of alcoholic drink, and addicted to the use of chloroform to such an extent as to become intoxicated; that at the time of such payments the defendant had no knowledge of the condition or habits of deceased with reference to the use of drugs, and that defendant had returned to the beneficiary all dues paid by deceased and the same were accepted by her.

A further defense alleged that deceased, on account of his use of drugs and intoxicating liquor at the time of the payments of the delinquent assessments was, under the laws of the Order, a suspended member, and that thereby said beneficiary certificate became null and void. Another defense alleged that the death of decedent was directly caused by the use of chloroform and liquor drank and imbibed by him, and that prior thereto defendant had no knowledge that decedent was using drugs, liquors, or chloroform to excess, or at all.

The answer also sets forth certain laws and rules of the Order too long for insertion here, but in substance as follows:

By section 112 of the by-laws the Financier of each Subordinate Council is required to keep a book showing the date when assessments are paid. All assessments become due and payable on the first day of each month. The certificate of each member who has not paid his assessments and dues on or before the last day of the month is automatically suspended without notice, and his rights thereunder forfeited until re-establishment.

Section 114 provides that any beneficiary member suspended by reason of nonpayment of an assessment or dues may, within sixty days, reinstate himself by payment of all arrearages and charges which may have accrued during his suspension, such payment to be a warranty that he is in good health at the time of such reinstatement. If in fact he is not in good health or engaged in a prohibited occupation, such payment does not have the effect to reinstate him or entitle him or his beneficiaries to any rights under his benefit certificate.

Section 118 provides that the subordinate may pay the assessments of any member not already suspended by a majority vote to that effect, it appearing of record on the minutes, but such payment must be made before the expiration of the month in which the assessment becomes due.

Section 120 provides that the National Council is not bound by the acceptance or receipting for an assessment from a member not entitled to reinstatement, by an officer of a subordinate council. The failure of the Financier to report to the National Council as suspended any suspended member of his council shall not operate in any case as a waiver of the forfeiture occurring on account of suspension.

By section 120-a, no officer of any subordinate council is permitted to waive any provision of the by-laws which relate to the contract between the member and the society, nor is notice to such officer or council imputable to the National Council or the officer thereof.

Section 82 provides that no person who is or shall become intemperate in the use of intoxicating liquors, drugs or narcotics can be received into or retained as a member of the society. If any member offends against this provision, or if his death shall result from his intemperate use of intoxicating liquors, drugs, or narcotics, his beneficiary certificate is thereby rendered void and all payments made thereon forfeited. There are other provisions, substantially however, to the same effect.

The affirmative allegations of the answer having been put at issue by a reply, there was a trial by jury and a verdict for plaintiff, from which defendant appeals.                                    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Christopherson & Matthews,* with an oral argument by *Mr. Q. L. Matthews.*

For respondent there was a brief over the names of *Mr. G. E. Hamaker* and *Mr. A. L. Dundas,* with an oral argument by *Mr. Hamaker.*

McBRIDE, C. J.—The basic issues raised by the defense are: That the deceased, by reason of his having habitually failed to pay his dues before the last day of the current month, stood suspended; that his payments within sixty days did not reinstate him by reason of the fact that he was at the time of such payments a habitual chloroform tippler; that plaintiff cannot contradict the medical certificate and proof of death furnished to the head office, by showing that deceased was not in fact addicted to the use of drugs, and that such certificate and proof were founded upon a mistaken idea as to the facts, or the result of inadvertence. We will consider these in the order named and thereafter consider certain objections to instructions of the court, which are not set forth in the foregoing statement.

1, 2. The evidence of decedent having been a chloroform tippler was contradictory; that of the plaintiff tending strongly to negative the practice by him of any such injurious habit, and indicating that he was a sober and industrious citizen; in fact, we may say that such was probably the effect of the weight of the evidence, although there was some evidence to the

contrary; that he had been using chloroform on the evening before his death is indicated by the testimony of his physician, but there was no autopsy and little to indicate that the use of chloroform was a fixed habit. No one ever saw him use chloroform or knew that he used it. The fact that the physician detected the odor of chloroform in the matter vomited by deceased on the evening before his death, and that he had some of the drug in his possession, only indicated a single use of the drug, which he might have taken as a remedy for some ailment he was suddenly stricken with, and a diagnosis of the cause of his death as the result of chloroform tippling was ridiculous in the extreme. That a physician who had never seen the deceased before being called upon to attend him, and who knew nothing of the history of the case, who never saw him alone but twice in his life, should fill out such a certificate and induce the stricken wife of deceased to ignorantly assent to it, is little to his credit. Is the plaintiff bound by the certificate and proof of death? She can be bound only in one way and that is by estoppel, and no estoppel is pleaded. The answer nowhere refers to the death certificate, or the affidavit furnished by the beneficiary. An estoppel must be pleaded in order to be available, so this defense may be laid out of the case. If the deceased was not a chloroform tippler, his payment of dues within sixty days reinstated him, and he was a member in good standing when he died.

3–5. The plea of tender is insufficient. It is alleged in the answer that the defendant upon being informed of the facts, tendered to the plaintiff all dues which deceased had paid in and that she accepted them. It is not alleged that the sum was tendered or accepted in satisfaction of plaintiff's demand, or that she ac-

cepted it as an accord and satisfaction. Under the circumstances pleaded, the acceptance of the sum tendered did not constitute a waiver by plaintiff of her demand, and in this state a waiver must be pleaded with the same particularity as an estoppel, to which it is closely akin.

6. Error is predicated upon the following instruction:

"Yet if he was in bad health or if he was addicted to the use of alcoholic drinks, narcotics or drugs, and the head officers of the defendant society or its National Council at the time of the payment of assessments actually knew or had actual notice of his condition and it (his dues) was paid by Robinson and accepted by them, with that notice or knowledge, he would be reinstated notwithstanding his physical condition."

"But if they did not your verdict must be for the defendant."

The excerpt quoted, which formed part of a larger paragraph, correctly states the law in the abstract. We find no evidence that the defendant and head officer knew anything about deceased's condition, therefore the instruction should not have been given. In view, however, of the very fact that there was an utter absence of evidence upon this point, and the whole testimony was so brief that any juryman of ordinary capacity would readily retain the whole of it in his memory, we do not believe they were misled by it. We might add that the evidence of his having been in ill health or addicted to the use of drugs, was so slight it is difficult to believe that any jury would have found with the defendant upon this issue. Article 7, Section 3, of our amended Constitution, authorizes us to disregard technical errors of this character and give

judgment according to the justice of the case; therefore, the judgment of the Circuit Court is affirmed.

AFFIRMED.

BURNETT, BENSON and HARRIS, JJ., concur.