Argued January 17, affirmed January 22, 1929.

# MARY ELIZABETH SCHAIRER *v.* G. A. JOHN-SON.

(272 Pac. 1027.)

For appellant there was a brief over the name of *Messrs. Senn & Recken,* with an oral argument by *Mr. L. A. Recken.*

For respondent there was a brief and oral argument by *Mr. James L. Hope.*

BROWN, J.—Plaintiff and defendant are residents of Astoria. On the day of the injury, the defendant invited the plaintiff and others to accompany him on a drive to Seaside. The plaintiff alleges that, on their return to Astoria, and after reaching its boundaries, the defendant appeared to be animated with a

desire to make a certain hill "on high"; that, as he drew into the intersection of Seventh and Olney Streets, he attempted to turn his automobile to the left and up Seventh Street, but, because of the unlawful and reckless manner in which he was operating his car in attempting to make the turn, he lost control of the car, and, failing to make the turn, drove his car off the street, over the curbing, and into a large telephone pole, with such force that the pole was thereby broken in two; that the force of the impact threw the plaintiff from the rear seat where she was riding, against the back of the front seat, severely cutting and lacerating her upper lip, fracturing her jaw, knocking her teeth out, and apparently disfiguring her features for life.

Defendant admits that the plaintiff was riding with him in his Chevrolet automobile when she sustained the injuries above mentioned, but denies each and every other allegation of the complaint except those specially admitted. For a further and separate defense, defendant pleads that, at the time she was injured, the child, with other relatives, had accompanied him in his car on a picnic for the mutual benefit and pleasure of all, and that they were all engaged in a joint enterprise and common adventure for the mutual benefit of all the parties in the automobile of defendant. For a second further and separate answer and defense, he asserts that, while he was driving north on Seventh Street near Olney Street, "through some unknown cause or reason" his automobile collided with a telephone pole.

1, 2. Defendant's first assignment relates to the admissibility of the testimony of a dentist who had made an examination of the child's jaw and mouth and had

examined X-ray pictures of the same, and who was permitted, over defendant's objection, to testify that, in his opinion, the injury to the child's jaw was permanent. This testimony was plainly admissible. See *Hildebrand* v. *United Artisans,* 50 Or. 159 (91 Pac. 542); 22 C. J. 677; *Lehman* v. *Knott,* 100 Or. 59 (196 Pac. 476), and the authorities there cited. It is settled law in this state that, when a witness is tendered as an expert, it is the duty of the trial court, as a preliminary question of fact, to determine the qualification of the witness so to testify. In this case, the court did not abuse the discretion vested in it by law. That a reputable doctor of dentistry is far better qualified to speak concerning the teeth and the jaw in which they are set than is one not skilled in that profession cannot be questioned; and the holding that the dentist was competent to testify in that regard was not error.

3. Nor can fault be found with the trial court for receiving into the record testimony relating to the wrecked and ruined condition of the defendant's automobile after the accident. The demolished car was a mute but effective witness tending to prove that the automobile struck the telephone pole with much force and great momentum, which resulted from the speed at which the defendant was driving when he attempted to make the turn.

4. The defendant contends that the court erred in denying his motion for a nonsuit, and, to support this contention, denies negligence in the operation of his car. We cannot follow counsel. From the testimony, which indicates that the defendant speeded up his car at a dangerous place upon the highway, and clearly shows that, failing to make the turn at the in-

tersection, he ran his car off the street, over the curb and into the telephone pole with sufficient force to break the pole in two, this court is fully persuaded that it was due to his reckless manner of driving that the car "got away from him": *Holmberg* v. *Jacobs,* 77 Or. 246 (150 Pac. 284, Ann. Cas. 1917D, 496); *Marshall* v. *Olson,* 102 Or. 502 (202 Pac. 736); *Murphy* v. *Hawthorne,* 117 Or. 319 (244 Pac. 79, 44 A. L. R. 1397).

5. The defendant says the court erred in sustaining plaintiff's objection to questions put to one Charles Erickson, who the defense offered to show had driven his car through the intersection in question at about the rate of speed at which the defendant was driving upon the occasion of the accident. In the opinion of this court, the objection was well taken. We do not believe such testimony to be competent.

6. Defendant asserts that the court erred in instructing the jury that there was no evidence tending to show a joint adventure. This instruction was correct. Concerning the term "joint adventure," we quote the following from 33 C. J. 841:

"A joint adventure as a legal concept is of comparative recent origin. It is purely a creature of our American courts. At common law an enterprise of a limited character, such as is now called a joint adventure, was regarded in law as merely an informal kind of partnership, and the courts made no attempt to distinguish the one from the other."

7. The defendant likewise urges that one certain instruction was deficient in that it should have stated that plaintiff was permanently injured. From a perusal of the instructions, it clearly appears that the court did tell the jury that plaintiff could recover for permanent injuries only. The instructions should

be taken as a whole, construed and interpreted as an entirety; and, when this is done, the record discloses that the jury was fairly, fully and completely charged.

We have considered all the alleged errors, and find no reason to reverse this cause. Hence we direct its affirmance. AFFIRMED.

CoSHOW, C. J., and BEAN and BELT, JJ., concur.