Argued September 22; affirmed October 11; rehearing denied
November 16, 1937.

## HEFLING *v.* HEINTZ ET AL.

(72 P. (2d) 44)

*Paul R. Hendricks* and *George A. Rhoten*, both of Salem, for appellant.

*Borden Wood*, of Portland (McCamant, Thompson, King & Wood, of Portland, on the brief), for respondents.

RAND, J.  About 9 o'clock on the morning of December 16, 1934, William Martin Hefling, plaintiff's intestate, was driving north on 82d street in the city of Portland and, while crossing the intersection with Stark street, collided with a small truck which was proceeding over the intersection from the west on Stark street.  Plaintiff, as administratrix of his estate, brought this action to recover damages for his death, alleging in her complaint that the decedent sustained personal injuries in the collision which resulted in his death on April 7, 1935, and that the collision was caused wholly by the negligence of the driver of the truck.

The specific allegations of negligence charged in the complaint were that the defendants drove the truck across the intersection at a speed of approximately 30 miles per hour and on the left or north side of the center line of Stark street; that the defendants had failed to maintain a proper lookout or to have the truck under control and had either failed to apply the brakes of the truck or to have the same equipped with adequate brakes.

By way of answer, the defendants admitted the collision but expressly denied all the allegations of negli-

gence contained in the complaint and pleaded contributory negligence upon the part of decedent.

At the close of plaintiff's case in chief, the trial court sustained defendants' motion for nonsuit and gave judgment for defendants. From this judgment, the plaintiff has appealed.

There were no eyewitnesses to the collision except the decedent, who was riding alone in the automobile at the time of the collision, and the driver of the truck, who was not called as a witness upon the trial. Nor did any witness testify as to the speed at which the truck was being driven at or prior to the time of the collision. The plaintiff, therefore, wholly failed to establish the charge that the truck was being operated at an unlawful or excessive rate of speed. Nor was there any evidence offered upon the trial that the driver of the truck had failed to maintain a proper lookout or to have the truck under control or had failed to apply the brakes. As to the charge that the truck was not properly equipped with brakes, the undisputed evidence offered by the plaintiff was that the truck was new and, so far as the evidence shows, the truck was in good running condition at the time of the accident.

Plaintiff's main witness and the only witness who heard the crash of the collision was W. A. Epley, the proprietor of an oil station and garage which is located at the southeast corner of the intersection. He testified that he did not see the accident, that upon hearing the crash he left his office and, upon reaching the street, saw Mr. Hefling, who was the sole occupant of the automobile, getting out of the same. He says that the truck was then being driven in a northeasterly direction to the north side of Stark street east of the intersection and about 100 feet from where the collision

had occurred and that it was then stopped and later turned around and driven back to the intersection, where the driver got out and talked with Mr. Hefling after he had gotten out of the car. He says that the impact between the truck and the car had caused the automobile to swing to the east and come to a stop facing southeasterly. He further testified that the collision had occurred after the truck had passed the center of the intersection and at a time when decedent's automobile had driven only a few feet after entering the intersection. Under his undisputed testimony, and he was the only witness called by plaintiff upon that question, the collision occurred on the south of the east and west center line of the intersection and on the east of the north and south center line of the intersection. Therefore, according to plaintiff's own testimony, the truck was proceeding on the right side of Stark street at the time of the collision and not on the wrong side as alleged in the complaint. Mr. Epley's testimony also shows, and it is plaintiff's own undisputed testimony, that it was the automobile which struck the truck and not the truck which struck the automobile. His testimony in that respect is as follows:

"Q. Couldn't you tell from all the circumstances surrounding this accident, as you observed them after the accident, and from your experience of accidents there, that the Ford car of Mr. Hefling ran into the truck, and the truck did not run into the Ford car? A. That is the way it seemed to me. Q. You are pretty sure of it as an expert, aren't you? A. Yes, it hit the truck. Q. It ran into the truck? A. I believe it did, yes, all the indications were that it did."

■ Plaintiff contends that the fact that the truck, after colliding with the automobile, had proceeded, before stopping, for a distance of 100 feet in

a northeasterly direction was a circumstance from which the jury had a right to infer that the truck was traveling at an excessive rate of speed at the time of the collision. Under the evidence, there is no basis for this contention. The uncontradicted testimony of the plaintiff shows that the truck left no skid marks and that when seen by the only witness who saw the truck at all it was not out of control but was being driven to a place where it could be parked so that the driver could return, as he was in duty bound to do, to the place of the accident. The circumstance, therefore, had no evidential value for any legitimate purpose in the case.

Eighty-second street and Stark street intersect at right angles and both are paved from curb to curb. The former street is 60 feet in width and the latter 56 feet in width. 82d street is a stop street which is indicated by a button maintained in the center of the street and all persons traveling over the intersection from 82d street are required to come to a full stop before entering the intersection. Stark street, over which the truck was traveling, is a through street, having no traffic signal other than a slow signal which indicated that persons traveling over the intersection on that street are required to proceed slowly while crossing the intersection.

When plaintiff's intestate approached the intersection from the south, he was required to come to a full stop before entering the intersection. Whether he did so or not, does not appear. If he stopped and was keeping a proper lookout, he would have seen the truck, and, so far as the evidence discloses, he could have avoided the collision, particularly so since the evidence shows there is an oil station at the southwest corner of the intersection which is set back 20 feet from

Stark street. In order to overcome the failure of proof on plaintiff's part, the following question was propounded to one of the state police:

"Q. Now, Sergeant, assuming,—I will ask you a question now that may have several parts, I am going to ask you to assume several facts that I am going to relate to you: Assume that there was, on December 16th, 1934, a ton and a half 1934 model Reo truck approaching the intersection of 82d and Stark Streets from the west, and assume that that vehicle, being equipped with four-wheel brakes, was traveling at a rate of speed of twenty miles per hour, and assume that at about the middle of the intersection it collided with a Ford sedan automobile weighing 2700 pounds approximately, with such force as to turn this Ford automobile in a circle of from 90 to 180 degrees, and assume that this Reo truck, following that collision and the impact, traveled approximately a hundred feet and was then seen yet to be moving, could you state whether or not the driver of the truck had applied the brakes of the truck, assuming that the brakes were in good condition?"

On being objected to principally upon the ground that it assumed facts not established by the evidence or admitted by the pleadings, the court refused to permit the question to be answered in the presence of the jury but in chambers, as shown by the bill of exceptions and as an offer of proof on plaintiff's part, permitted the witness to answer the question. His answer was as follows:

"I couldn't, I am not in a position to state whether he applied his brakes or not."

■ This action of the court is assigned as error. There was no evidence tending to show that the truck had made any skid marks on the pavement or that the driver of the truck had or had not applied his brakes, or that the truck was at any time out of control. On the

contrary, the evidence was that, when seen by the witness, the truck driver was driving the truck to a place where it could be parked. There was, therefore, no evidence that the truck had been driven at an excessive rate of speed. In fact, the evidence wholly failed to show at what rate of speed the truck was proceeding while crossing the intersection. There was, therefore, no foundation for the propounding of this hypothetical question.

The only remaining assignment of error is that the court erred in granting the judgment of involuntary nonsuit. A careful examination of all the testimony clearly shows that plaintiff had failed to establish any facts which would justify a recovery in this case. The most that was established was that there had been a collision between defendants' truck and decedent's automobile, and it is claimed that decedent sustained injuries which later caused his death, but there was no evidence that he was injured through any fault of the defendants, nor were there any facts and circumstances testified to from which the jury would have been justified in drawing the inference that decedent's injuries resulted from any negligent acts of the defendants.

Our conclusion, therefore, is that the plaintiff was not entitled to recover in this action under the evidence which she produced upon the trial, that she was bound to establish more than the mere occurrence of an accident and, having failed to sustain the burden of proof as to any of the specific acts of negligence alleged in the complaint, the action of the trial court in withdrawing the case from the jury and in granting an involuntary nonsuit was proper.

The judgment, therefore, is affirmed.

BEAN, C. J., and KELLY and BAILEY, JJ., concur.