Argued January 6; affirmed January 26, 1943

# GREENSLITT *v.* THREE BROS. BAKING CO., INC., ET AL.

(133 P. (2d) 597)

Before BAILEY, CHIEF JUSTICE, and BELT, LUSK, BRAND and HAY, Associate Justices.

*Arthur C. Spencer, Jr.,* of Portland (Maguire, Shields, Morrison & Biggs, of Portland, on the brief), for appellants.

*Arthur G. Beattie,* of Oregon City (Schuebel & Beattie, of Oregon City, on the brief), for respondent.

BELT, J. This is an action to recover damages on account of the alleged negligence of defendant Herman C. Grindeland while driving a bread delivery truck owned by defendant Three Bros. Baking Co. It is conceded that Grindeland, at the time in question, was an employee of the defendant company and was acting within the scope of his authority. From a judgment in favor of the plaintiff as administratrix of her husband's estate, the defendants appeal.

There are only two questions involved, viz., (1) Is there any substantial evidence tending to show that Grindeland was negligent in driving the truck at a dangerous rate of speed at the time it struck and killed the decedent? (2) Does the evidence affirmatively show, as a matter of law, that decedent was guilty of contributory negligence?

In determining whether the court erred in denying the motions for nonsuit and directed verdict, the statement of the case must be made in the light most favorable to plaintiff.

About 11 o'clock in the morning of April 12, 1940, the defendant Grindeland was driving a bread

truck in a northerly direction on the Beaver Creek highway leading to Oregon City. The decedent, Orville Greenslitt, and a neighbor, Mr. Robert Vorphal, were standing near a mail box on the east side of the highway when the truck approached the scene of the accident. Another truck going in a southerly direction turned into the driveway of decedent's home across the highway. The sound of squeaking brakes of this vegetable truck frightened decedent's team of horses hitched to a drill and left standing in an orchard on the west side of the highway. When decedent saw one of the horses break loose he started running diagonally across the highway in a southwesterly direction for the purpose of preventing his horses from running away. When decedent reached about the center of the highway, he was struck by the right front fender of the truck. From the mail box to the point of impact is a distance of about 29 feet. The defendant driver of the bread truck said he first saw decedent about a block away standing by the mail box and that, as decedent started across the road, he swerved the truck to the left in an effort to avoid striking him.

It was 68 feet from point of impact to where decedent's body was found on the pavement and 124 feet from such point to the place where the truck was stopped. The driver said the truck was equipped with four-wheel automatic brakes in first-class condition. He also testified that he applied the brakes a ''second'' after he struck decedent but was bothered in stopping the truck on account of the shattered glass from the windshield, which flew into his face.

Mr. Vorphal thus described the accident:

''Well, when he hit him, he was just like he was a rubber ball, he bounced just like a rubber ball. He hit the front fender, hit the windshield, and then

come clear on up over the cab and he went about sixty-eight feet when he landed, and when he landed he was all doubled up, his head were really between his legs, and he was rolled up there like a rubber ball.''

Mrs. Vorphal, who was about 300 feet away from the scene of the accident, testified:

''Well, I saw the truck hit the body, and I saw the body fly up, clear up over the top of the cab, and then come down to the ground; the arms and legs were both out like this as it went up over the cab.''

The photograph of the bread truck shows where decedent's head had cut a clean round hole in the upper right-hand corner of the windshield. We also note from such photograph the large dent in the front right fender.

It cannot be said as a matter of law that no reasonable inference of speed can be drawn from such evidence. Such issue was plainly a question of fact for the jury. It was not incumbent upon plaintiff, in order to prevail, to prove that defendant Grindeland had violated the statutory limitation as to speed and was, therefore, negligent per se. The driver was obliged to exercise care commensurate with the danger involved. Direct evidence is not required to establish excessive speed, as such may reasonably be inferred from all the facts and circumstances of the case: *Schairer v. Johnson,* 128 Or. 409, 272 P. 1027; *State v. Miller,* 119 Or. 409, 243 P. 72; Blashfield's Cyc. Automobile Law and Practice (Permanent Edition) §§ 5483, 6233, 6234; Berry on Automobiles (7th Ed.) §§ 5.286, 5.287; 42 C.J. 1225.

In *Hefling v. Heintz,* 157 Or. 542, 72 P. (2d) 44, the court held that no reasonable inference of speed

could be drawn from the fact that, after a collision, a truck proceeded for a distance of 100 feet before stopping, but in that case it was shown by uncontradicted evidence that the "truck" was not out of control but was being driven slowly to "a place where it could be parked so that the driver could return, as he was in duty bound to do, to the place of the accident." The same factual situation was presented in *Hamilton v. Finch,* 166 Or. 156, 109 P. (2d) 852, 111 P. (2d) 81, where the court followed the Hefling case. We think *Hefling v. Heintz,* supra, and *Hamilton v. Finch,* supra, are not inconsistent herewith. There is no similarity between the facts in those two cases and this one.

■■ We cannot, in the light of the evidence, say as a matter of law that decedent was guilty of contributory negligence. His horses were frightened and one of them had started to run away. What would an ordinarily prudent farmer have done under the same circumstances? When decedent ran across the highway after his horses, he may have failed properly to estimate the speed of the approaching truck. It is presumed that decedent exercised due care to avoid injury. The evidence tending to show negligence on his part is not of such conclusive character as to overcome such presumption as a matter of law. The issue of contributory negligence was properly submitted to the jury—there being no exceptions thereto by appellants—and its findings will not be disturbed.

That line of cases wherein small children have suddenly and unexpectedly "darted out" from an object in front of an approaching automobile, as in *Sorsby v. Benninghoven,* 82 Or. 345, 161 P. 251, are not in point. Here the driver of the truck was one block away when he first saw decedent standing by the mail box.

Judgment is affirmed.