Argued April 14; affirmed June 2, 1943

# McVay v. Byars
## (138 P. (2d) 210)

Before Bailey, Chief Justice, and Rossman, Kelly, Brand and Hay, Associate Justices.

*Randall B. Kester,* of Portland, (Maguire, Shields, Morrison & Biggs, all of Portland, on the brief) for appellant.

*Ralph W. Skopil* and *Wallace P. Carson,* both of Salem, for respondent.

HAY, J. This was an action for damages for personal injuries which were sustained by plaintiff in a collision between two automobiles. The collision took place at a point where certain highways intersect. One of these is the road from Turner to Salem, which at the place of the accident proceeds from the south upon a left-hand curve toward the west. This is the more heavily traveled of the roads involved in this affair. It proceeds around the curve upon an ascending grade from the south, and the curved portion is "banked" or "dished" toward the uphill side. At a point where this road curves rather sharply toward the west, it is intersected by two other roads. One of these is called Highway 27, which, coming from the north, intersects the Turner-Salem road, approaching the intersection on a down-hill grade. The other is a road which enters the same intersection from the east. It is unimportant so far as this case is concerned. Both the Turner-Salem road and Highway 27 are paved. The latter intersects

the former on a line tangent to the curve, but the curve commences south of the intersection. None of the roads mentioned has any traffic control or warning sign upon it.

Plaintiff was a passenger in a Nash automobile operated by one Mills, which was traveling northerly upon the Turner-Salem road, and approached the intersection from the south. Defendant, at the same time, was driving a Ford automobile south upon Highway 27, and approached the intersection from the north. Plaintiff's driver intended to continue upon the Turner-Salem road, through the intersection, that is to say, to continue westerly around the curve of that road, and hence to Salem, while defendant intended to drive through the intersection south along the Turner-Salem road toward Turner. The two cars collided within the intersection.

Plaintiff charges defendant with negligence, (1) in driving carelessly, in disregard of the rights and safety of others, particularly plaintiff, without due caution and circumspection, and at a speed and in a manner likely to endanger other persons, particularly plaintiff, "in that" he drove into the Salem-Turner highway without first seeing that it could be done with safety; (2) "in that" he drove at a speed in excess of 45 miles an hour; (3) "in that" he failed to keep a proper lookout for traffic on said highway; (4) "in that" he failed to keep his automobile under proper control; and (5) "in that" he operated his car without adequate brakes.

Defendant admits the collision, but denies negligence on his part. Affirmatively, he charges that the negligence of plaintiff's driver proximately caused the collision, such alleged negligence being specified as

(1), excessive speed; (2), failure to keep his car under control; (3), failure to give defendant the right of way; (4), failure to keep a proper lookout; and (5), in approaching the intersection on the left side of the highway. He charges further that plaintiff and Mills, his driver, were engaged in a joint venture, and that the driver's negligence is imputed to plaintiff. On the trial, defendant's counsel withdrew the allegation of joint venture.

Trial by jury resulted in a verdict for plaintiff in the sum of $1800, and defendant appeals.

Defendant requested the following instruction:

"Negligence is never presumed from the mere happening of an accident. The law presumes, on the contrary, that at the time and place of the accident the defendant's automobile was being operated with due care and caution and in compliance with the rules of the road. This presumption is in itself evidence in the defendant's favor, and unless it is overcome by other evidence your verdict should be for the defendant."

■■ While plaintiff charged defendant with negligent operation of his car, defendant countercharged that the accident was the result of the negligent operation of the car in which plaintiff was riding. The presumption of due care applies equally to both drivers. Hence, the presumptions balance and cancel each other. 31 C. J. S., Evidence, section 119. While it is true that plaintiff did not request an instruction in his favor in this respect, nevertheless we believe that the court, if he instructed upon this point at all, should have instructed that the presumption of due care applied equally to both drivers, and so set the matter at large to be determined by the onus of proof and the preponderance of the evidence.

■ As for that portion of the requested instruction which stated that negligence is never presumed from the mere happening of an accident, it is to be observed that the court duly defined negligence and instructed upon the burden of proof. The giving of cautionary instructions such as this was discretionary with the court, and refusal to give them is not error.

Under the circumstances, we are not prepared to say that the failure to charge as requested was reversible error.

■ Another instruction requested by defendant reads:

"In order for plaintiff to prevail in this case it is necessary that you should find by a preponderance of satisfactory evidence that the defendant was negligent in one of the respects charged in plaintiff's complaint and that such negligence was a proximate cause of the injuries to plaintiff. You are instructed that in determining whether plaintiff has sustained this burden, that evidence is deemed satisfactory only if it produces moral certainty or conviction in an unprejudiced mind. Only evidence which produces such moral certainty or conviction is sufficient to justify a verdict, any evidence less than this being insufficient."

The instruction requested is identical, except for the words "in one of the respects charged in plaintiff's complaint", with an instruction requested in *Gwin v. Crawford,* 164 Or. 215, 221, 100 P. (2d) 1012, and for refusal of the trial court to give it (and for other errors) this court reversed the judgment, citing and relying upon *Metropolitan Casualty Ins. Co. v. Lesher,* 152 Or. 161, 52 P. (2d) 1133. Reference to the Lesher opinion, however, shows that the court there did not have this particular instruction under consideration. The case involved trial of defenses of

alleged fraudulent representations by plaintiff, whereby defendants were induced to enter into certain agreements for indemnification. The trial court instructed the jury that it was necessary for the defendants "to establish the fraud charged by clear and satisfactory evidence". This was objected to by defendants, as requiring them to sustain a burden of proof greater than is imposed by the statutory burden of preponderance of the evidence. This court held that, to overcome the disputable presumption that a person is innocent of crime or wrong, where fraud is charged the evidence should be clear and convincing, and hence approved the trial court's instructions in that regard. In so doing, the court took into consideration certain portions of the code of evidence, including Section 2-111, O. C. L. A., ("moral certainty" rule). It held that, in view of the fact that a higher degree of evidence is required to prove some issues than others, it was apparent that a trial judge ought to be left free to point out, upon an issue such as fraud, that the evidence should be clear, satisfactory and convincing. It did not intimate that the giving of the "moral certainty" instruction was mandatory. The code section upon which such instruction is based is but one of many rather futile attempts to explain the meaning of "preponderance of the evidence", a phrase difficult to paraphrase, and one which many able trial judges have preferred not to try to explain. (See Wigmore, Evid., 3 ed., section 2498, wherein the learned author, in commenting in a footnote upon the efforts of one judge to define the phrase, says: "A wondrous cobweb of pedantry is here woven to occupy the jury's simple mind and the trial judge's tongue.") The legislature not having commanded that the "moral certainty" rule be given to juries, (assuming, but certainly

not deciding that it might lawfully do so), and the requested instruction being cautionary only, no error was committed in refusing to give it. In *Willoughby v. Driscoll,* 168 Or. 187, 205-6, 120 P. (2d) 768, 121 P. (2d) 917, this court, commenting upon *Gwin v. Crawford,* supra, noted that in that case several errors were committed, and said that if failure to give the "moral certainty" instruction had been the only error, it is very doubtful whether it would have been considered sufficient reason for reversal.

■ Defendant requested that the court charge as follows:

"I instruct you the conduct of defendant is not to be judged by what may now appear could have been done to avoid the accident after all of the circumstances and facts are brought before you. The defendant is to be judged only by that degree of care which would be exercised by a person of ordinary prudence under like circumstances."

The court, in defining negligence, stated, inter alia, that it consisted in "the failure to do that which a reasonably prudent person would have done under the circumstances or the doing of something which a reasonably prudent person would not have done under the circumstances." We think that the instruction requested was one which the court, in its discretion, might well have given, but in our opinion the failure to give it was not reversible error.

■ Defendant requested that the jury be instructed that its verdict must not be based upon speculation or guess, but upon the evidence. This was not done, but no error resulted. Cautionary instructions may be given or not, in the discretion of the court. *Nordin v. Lovegren Lbr. Co.,* 80 Or. 140, 149, 156 P. 587; *Fitze v.*

*American-Hawaiian Steamship Co.,* 167 Or. 439, 449, 117 P. (2d) 825.

■ Counsel for appellant take the position that the cars involved in this accident were, just prior to the collision, approaching each other from opposite directions, that the driver of plaintiff's car intended to turn to the left "within the intersection", and that, therefore, he was obligated to yield to defendant's car, which was within the intersection or so close thereto as to constitute an immediate hazard. Sec. 115-337, O. C. L. A. It will be remembered, however, that we are not dealing with a situation involving the usual right-angled intersection. Plaintiff's driver did not intend to "turn to the left", but rather was proceeding along a left curve. When he was approaching the intersection, defendant's car was actually approaching him from his right. Assuming that the cars approached the intersection simultaneously, and that defendant's car was sufficiently close thereto as to constitute an immediate hazard (which the fact of the collision would appear to indicate), it would have been the duty of plaintiff's driver to yield, not because he was intending to turn left, but because defendant had right of way. Sec. 115-337, O. C. L. A. Under either defendant's theory or ours, therefore, defendant may have been entitled to the right of way at the intersection, but the factual situation was properly left to the jury's determination.

■ Defendant requested an instruction as follows:

"I instruct you that if you find this accident was unavoidable so far as the defendant was concerned, your verdict should be for the defendant."

From the evidence, the jury might have found that the collision resulted from the negligence of plaintiff's driver in failing to yield the right of way to defendant.

The term "unavoidable accident" has been variously defined by this court. It has been said to include accidents which involve no negligence on the defendant's part. *Hanks v. Norby,* 152 Or. 610, 611, 54 P. (2d) 836. It has been said also to include accidents which are not caused by the negligence of either defendant or plaintiff. *Murphy v. Read,* 157 Or. 487, 491, 72 P. (2d) 935. Saying to the jury, however, that they should find for defendant if they determine that "the accident was unavoidable so far as the defendant was concerned", is merely a more involved and clumsier manner of saying that they should find for defendant if they should determine that he had not been negligent in any respect as alleged. We do not believe that the requested instruction, if it had been given, would have enlightened the jury; indeed, it might have had a tendency to confuse them. A plain and uncomplicated definition of unavoidable accident is, one which "occurred without any negligence on the part of either of the parties to the action." *Murphy v. Read,* supra; *DeWitt v. Sandy Market, Inc.,* 167 Or. 226, 240, 115 P. (2d) 184. Refusal to give the requested instruction was not error.

The following instruction was requested by defendant, but not given:

"I instruct you if you find defendant was confronted with an emergency, not created by any negligence on his part, then if he erred in his judgment in attempting to avoid the collision, that would not be negligence."

Appellant argues that the collision took place near the crest of a hill, and that the range of view of the drivers was somewhat obstructed by the lay of the land. He contends that, immediately before the impact of the two cars, the plaintiff's car appeared suddenly,

on the wrong side of the highway, and coming directly toward him. Under these circumstances, he asserts that he was faced with a sudden emergency not of his own creation, and that he was entitled to have the jury intructed as above set forth.

The oral evidence respecting this situation was not as clear as it might have been. Plaintiff's driver testified that defendant's car was "over the brow of the hill" when he first saw it. Counsel for defendant asked "* * * you didn't see him and he couldn't see you until he came up over that grade?" He answered, "That is the idea." He said that when defendant "came up over the grade" he could see him, but could make no estimate of how far "he could see there." The defendant testified that as he entered the intersection he looked toward his right to see if a car was coming from that direction, and when he looked in the other direction plaintiff's car was "coming directly for him," on the "wrong" side of the highway. The jury viewed the location. Two photographs are in evidence, which clarify the testimony. They show that the view of the intersection is unobstructed from either north or south for a considerable distance. In such a situation, if the defendant was exercising due care in keeping a lookout for approaching traffic, it is incredible that, as he entered the intersection, plaintiff's car should have "appeared suddenly", coming directly toward him. If any emergency existed, he was not without fault in bringing it about.

In any event, we feel that the requested instruction was erroneous, in that it omitted to state that the judgment which defendant was required to exercise was that which would be exercised, under similar circumstances, by a reasonably prudent person. In *Noble*

*v. Sears,* 122 Or. 162, 169, 257 P. 809, a similar instruction was under consideration by this court. We there held that the omission therefrom of the standard of care which would be exercised by a reasonably prudent person was not error, because the trial judge had "repeatedly instructed the jury that the plaintiff, her husband, and defendant were all bound by the same law to exercise that care which a reasonably prudent person would exercise under similar circumstances," and that it was not necessary to repeat "that elementary principle with every sentence of the instructions." In the case at bar, the court's charge was not so replete with instructions upon the law's standard of care as the charge in *Noble v. Sears,* supra, appears to have been, and we think that the instruction as requested here was incomplete.

The complaint charged defendant with negligence, in that he drove his car at a speed in excess of forty-five miles an hour. He requested the court to instruct the jury that there was no evidence to sustain such charge, which the court refused to do. There was evidence that defendant's car was "going forty miles an hour"; and that it was traveling at "a pretty good speed". Furthermore, the speed of the car was sought to be deduced from the force of the collision, from the serious character of the injuries which plaintiff and one of defendant's passengers received as a result thereof, and from the effect of the collision upon the cars. As to the latter, at least, we cannot say that it did not tend in some measure to prove the speed at which defendant was driving. *Schairer v. Johnson,* 128 Or. 409, 412, 272 P. 1027; *Goodale v. Hathaway,* 149 Or. 237, 244, 39 P. (2d) 678. Whether such speed was excessive or not, under the circumstances, was for the jury to determine.

The mere allegation of driving in excess of forty-five miles an hour was, of course, not in itself an allegation of actionable negligence, unless it can be considered as having been qualified by that portion of the complaint which charged defendant with violation of the basic rule in respect of excessive speed. At the present stage of the proceedings, we must construe the complaint liberally, and hence we hold that the charge of driving in excess of forty-five miles an hour is modified by the charge of violation of the basic rule with reference to excessive speed under the then existing circumstances. The court committed no error in refusing the requested instruction.

■ The defendant requested the court to instruct the jury that there was no evidence of negligence to support the charge that his car was equipped with insufficient brakes. We believe that the instruction should have been given. Upon consideration of the whole of the testimony, however, we do not believe that the jury was misled by the court's failure to give the instruction requested. We assume that the jury was composed of persons of reasonable intelligence. The testimony was brief, and the jury could easily remember all of it. In our opinion, the error was insufficient to prejudice the defendant or to require a reversal of the case. Const., Art. VII, sec. 3; *Robinson v. Knights & Ladies of Security*, 88 Or. 516, 522, 172 P. 116.

■ Other errors were assigned, and we have considered them. None of them involve reversible error, and we think that a discussion of them is unnecessary. The amount of the judgment is not excessive, and, upon the whole, we think that the case was fairly tried. The judgment is affirmed.

KELLY, J., concurs in the result.