Argued June 16, reversed and remanded June 29, 1960

# WILLIAMS *v.* DONOHOE
## 353 P. 2d 521

*Clifford B. Olsen,* Portland, argued the cause for appellant. With him on the brief were William F. Thomsen and Anderson, Franklin & Jones, Portland.

*Walter J. Cosgrave,* Portland, argued the cause for respondent. With him on the brief were Richard A. Van Hoomissen and Maguire, Shields, Morrison, Bailey & Kester, Portland.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell, Millard and Holman, Justices.

HOLMAN, J. (Pro Tempore)

The plaintiff, Ruth Williams, brought this action against the defendant, Stephen E. Donohoe, for damages for personal injuries arising out of an automobile accident between vehicles driven by the respective parties which occurred while they were proceeding around a circular island where N. E. 39th avenue and N. E. Glisan street in the city of Portland would intersect. Glisan street lies in an easterly and westerly direction, while 39th avenue runs northerly and southerly. Each street is 48 feet wide and can accommodate two lanes of traffic moving in each direction. The island is approximately 190 feet in diameter and approximately 590 feet in circumference. The traveled thoroughfare around the island is sufficiently wide to accommodate two lanes of traffic moving in the same direction. There are dividers in each street at their approach to the island, requiring all traffic approaching the island to proceed to the right around it. As

a result all traffic around the island is one-way in a counterclockwise direction. A diagram to approximate scale is hereinafter set forth for clarification.

Both the parties were proceeding from west to east on Glisan street. Plaintiff was in the outside or most southerly lane of traffic, and defendant was in the inside lane closest to the center line. Both entered the circular thoroughfare around the island at approximately the same time. Plaintiff was anticipating going three-quarters of the way around the island and exiting in a northerly direction on 39th avenue. Defendant was anticipating going half way around the island and continuing east on Glisan. While the evidence is conflicting as to the exact point of impact, it would appear that the accident happened as plaintiff attempted to proceed on around the island while defendant was attempting to continue easterly on Glisan after completing his half circle. Defendant admitted in his testimony that at the point of impact plaintiff was still in the same lane of traffic in which she had previously been proceeding.

"Q And my question was, if you were in the left-hand lane, in which lane was Mrs. Williams' car?

"A In the right-hand.

"Q Did she change lanes?

"A I did not see her car after she dropped back from my vision going around this circle. I did not see her until I felt the impact of the car there, and she was to my right. (indicating)

"Q Judging from the point of impact, was she still in the right-hand lane at the moment of impact?

"A Yes."

N

W                                                                E

S    SCALE: 1″=100′

There were, of course, contentions of negligence
and contributory negligence made by the respective
parties against each other. Without going into the
exact specifications of negligence and contributory
negligence and the instructions requested and given,
the trial court submitted the case to the jury as if no
island were involved and it was an ordinary intersec-
tion of two streets running at a right angle to each
other. As a result, it was submitted to the jury as
if plaintiff were making a left-hand turn and defend-
ant were proceeding straight ahead. This adopted the
theory advanced by defendant. Plaintiff's theory was
that she was not turning left but was proceeding in
her proper lane of traffic along a left curve around
the island and defendant was making a right-hand turn

from the left curve into the continuation of Glisan street. Plaintiff took and was allowed the proper exceptions to instructions to raise the issue. From the entry of a verdict of the jury for defendant and the refusal to grant a new trial, plaintiff appeals.

██ The basic issue is whether the traveled thoroughfare around the island is a separate street, thus creating a T-shaped intersection where each street comes into it.

Depending on which theory is adopted, either plaintiff was making a left-hand turn from the lane of traffic furthest right of two lanes proceeding in the same direction, or defendant was making a right-hand turn from the lane of traffic furthest left of two lanes proceeding in the same direction.

It would appear to this court that the question is merely one of degree. If the island were a thousand feet in diameter, no one would argue but that the drive around the island was a separate thoroughfare intersected at two places by Glisan street and at two others by 39th avenue. If the island were 10 feet across in the center of two streets 48 feet wide, no one would dispute that it was all one intersection. The situation in this case lies somewhere in between, and it is our opinion that the island was sufficiently large so that the drive around it was a separate thoroughfare and that a separate T-shaped intersection existed each place it was intersected by 39th avenue or Glisan street. In the case of *Mathis v. Bzdula,* 122 Conn 202, 188 A 264, it was held that where three streets came together with an 18-foot island in the center there were three separate intersections, though in this case traffic passed to the left or inside the island instead of to the right or around it. We believe the descriptive language used in the case of *McVay v. Byars,* 171 Or 449, 138

P2d 210, would properly describe the present situation where it said at page 457 as follows:

"\* \* \* It will be remembered, however, that we are not dealing with a situation involving the usual right-angled intersection. Plaintiff's driver did not intend to 'turn to the left', but rather was proceeding along a left curve."

It would be the duty of anyone who entered the circle to get into the right-hand or outside lane of traffic prior to exiting from the circle into one of the intersecting streets in order that in so exiting he would not turn across in front of someone who was proceeding on around the circle in the outside lane to another exit. It would seem to us that ORS 483.316(a) is applicable and was for the purpose of alleviating the particular hazard that here exists. This portion of the statute provides as follows:

"(a) The approach for a right turn shall be made in the lane for traffic nearest to the right-hand side of the highway and the right turn shall be made as close as practicable to the right-hand curb or edge of the highway."

There is absolutely no dispute as to the physical layout of the streets and the island; therefore, the determination as to which rules of the road could be applicable under the other evidence was for the court.

It is our opinion that the trial court committed error in submitting the case to the jury as if there were only one right-angle cross-street intersection and as if plaintiff were making a left turn instead of defendant making a right turn. The judgment of the trial court is reversed and the case set back for a new trial.