SIMPSON, *Appellant,*

*v.*

WADKINS et al, *Respondents.*

(No. 95109, SC 24737)

569 P2d 613

Raymond J. Conboy, Portland, argued the cause for appellant. With him on the briefs were Donald N. Atchison, and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Walter J. Cosgrave, Portland, argued the cause for respondents. With him on the brief was Cosgrave & Kester, Portland.

Before Denecke, Chief Justice, and Tongue, Bryson, and Linde, Justices.

BRYSON, J.

## BRYSON, J.

Plaintiff Ronald Simpson brought this action for personal injuries arising out of a collision between his motorcycle and defendants' automobile. The jury, by special interrogatories, found that the defendants were not negligent. The court entered judgment for the defendants and plaintiff appeals.

The only issue on appeal is whether the trial court erred in refusing to instruct on directional right-of-way as well as left turn right-of-way. The uncommon intersection is shown by the following sketch (not to scale).

Plaintiff was traveling northward on Dodge Park Boulevard, intending to continue northward on Bull Run Road. Defendants were traveling southward on Bull Run Road, intending to turn east and continue along that road.

At trial, plaintiff requested right-of-way jury instructions both for directional right-of-way, former ORS 483.202(2), which provides:

> "Drivers, when approaching other uncontrolled highway intersections, shall look out for and give right of way to vehicles on the right, simultaneously approaching a given point, whether such vehicle first enters and reaches the intersection or not."

and for left turn right-of-way, former ORS 483.202(5), which provides:

> "The driver of a vehicle within an intersection intending to turn to the left shall yield to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard. Having so yielded and having given a signal when and as required by law, the driver may make such left turn, and other vehicles approaching the intersection from the opposite direction shall yield to him."

The trial court instructed only on the latter statute. Plaintiff contends that the trial court erred in failing to give his requested instruction on directional right-of-way based on ORS 483.202(2). We affirm.

From the sketch it is apparent that, prior to defendants' proceeding along a left curve, the two vehicles were approaching each other from opposite directions. Plaintiff's complaint alleged that "plaintiff was operating his motorcycle in a northerly direction on Dodge Park Blvd. when at said time and place, the defendants were operating their motor vehicle in a southerly direction on Bull Run Road turning at the intersection of Dodge Park Blvd. * * *." Plaintiff was not on defendants' right as they approached each other. Under such circumstances, the directional right-of-way instruction would not have been appro-

priate. *Cf. Kennedy v. Farmers Coop. Creamery,* 207 Or 160, 164, 295 P2d 197 (1956) (which, however, involved a right-angle intersection).

*McVay v. Byars,* 171 Or 449, 138 P2d 210 (1943), relied on by plaintiff, is not to the contrary. The intersection in that case was apparently similar to the one in the present case. If plaintiff in this case had taken the east fork of Bull Run Road and defendants had gone around the curve and the accident had occurred at the place marked "X" on the sketch, then the facts in this case would be the same as those in *McVay.* Under such facts, *McVay* held that plaintiff would have the directional right-of-way. However, the two vehicles in the case at bar were approaching each other from opposite directions and *McVay* does not apply.

Further, even if the trial court had erred in failing to give the requested instruction, the error would not have been prejudicial. Under either instruction the jury would have been informed that the plaintiff was entitled to the right-of-way, and although plaintiff correctly points out that there are abstract differences between the left turn and directional rights-of-way, those differences do not apply in this case.[1]

Affirmed.

----

[1] For example, plaintiff notes that under former ORS 483.202(5) the right-of-way would shift to the driver making the left turn if there were no vehicles so close to the intersection "as to constitute an immediate hazard * * *." In this case, as in *McVay v. Byars,* 171 Or 449, 138 P2d 210 (1943), "the fact of the collision would appear to indicate * * *" that the plaintiff's vehicle was close enough to the intersection as to constitute an immediate hazard. No contention is made that neither statute applied.