Argued March 19, affirmed March 27, 1928.

## VERNA GILMAN v. DAVID E. OLSON ET AL.

(265 Pac. 439.)

**Automobiles — Automobile First Entering Street Intersection had Right of Way and Failure of Automobile Subsequently Entering to Yield Right was Negligence Per Se (Laws 1921, p. 710, § 2, Subd. 7).**

1. In action for personal injuries resulting from automobile collision at a street intersection, court properly charged that, if jury found from evidence automobile in which plaintiffs were riding entered the street intersection first, then plaintiffs had right of way, and failure of defendant to give way would constitute negligence *per se*, as being in violation of Laws of 1921, page 710, section 2, subdivision 7, providing that drivers when approaching highway intersections shall give right of way to vehicles on their right simultaneously approaching a given point.

**Automobiles—Automobile Entering Street Intersection Before Defendant's Automobile was Near It had Right of Way to Proceed Across.**

2. Where automobile in which plaintiffs were passengers entered a street intersection when defendant's automobile was about a half a block away, plaintiffs' automobile had right to proceed across intersection, if it appeared to an ordinarily prudent person that it could do so with safety.

1. Violation of statute or ordinance by plaintiff as precluding recovery, see notes in 4 Ann. Cas. 513; L. R. A. 1915E, 961. See, also, 20 R. C. L. 38 et seq. Violation of statute or ordinance regulating movements of vehicles as affecting violator's right to recover for negligence, see note in 12 A. L. R. 458.

2. Right of way at street or highway intersection, see notes in 21 A. L. R. 974; 37 A. L. R. 493; 47 A. L. R. 595. See, also, 13 R. C. L. 1278.

Trial—Failure to Instruct on Contributory Negligence was Proper,
    Where Issue Thereof was not Raised by Evidence.
    3.  In action for personal injuries to passengers in an automobile
arising from a collision at a street intersection, failure to instruct on
contributory negligence was not error, where issue thereof was not
raised by evidence which did not show that passengers had knowl-
edge of street or approach of defendant's car that was not possessed
by their driver.

Automobiles — Passenger in Automobile, Having Opportunity, has
    Duty to Learn of Danger and Avoid It if Practicable.
    4.  While negligence of operator of automobile is not chargeable
to passenger, if the passenger has an opportunity to do so, it is his
duty to learn of the danger and avoid it if practicable.

Motor Vehicles, 42 C. J., p. 974, n. 99, p. 1004, n. 6, p. 1276,
n. 10, p. 1283, n. 24.

From Lane: G. F. SKIPWORTH, Judge.

Department 2.

AFFIRMED.

For appellants there was a brief over the name of
*Messrs. Wells & Wells,* with an oral argument by
*Mr. Howard M. Brownell.*

For respondents there was a brief and oral argu-
ment by *Mr. F. C. Heffron.*

BEAN, J.—These two cases were tried at the same
time.  They involve actions for damages for injuries
to the plaintiffs resulting from an automobile colli-
sion occasioned by the alleged negligence of defend-
ants.  A verdict was rendered in favor of plaintiff,
Verna Gilman, for the sum of $766.15, and a verdict
in favor of Susie H. Todd, for the sum of $337.50.
Defendants appeal from the consequent judgments.

The accident occurred November 30, 1924, at the
intersection of Mill Street with 12th Avenue, East,

4.  Personal care required of one riding in automobile driven by
another, see notes in 18 A. L. R. 356; 41 A. L. R. 778; 47 A. L. R.
293.

in the City of Eugene, Oregon. The plaintiffs were riding in a Dodge automobile, which was being driven south on Mill Street by George L. Todd. A car owned by the Guaranty Oil Company, driven by David E. Olson, its president and manager, was going east on 12th Avenue, East. It is alleged that the car of the company was negligently and recklessly driven by defendant Olson into said Dodge automobile, in which the plaintiffs were riding, and wrecked the Dodge automobile and seriously injured plaintiffs.

1. There are two assignments of error relied upon on this appeal. The defendants assign as error the instruction of the court given to the jury, after quoting the statute on the right of way at highway intersections, and interpreting the statute to the jury, as applied to the facts testified to in the case with reference to first entering the intersection, as follows:

"If you find from the evidence in the case that at the time the plaintiff approached the intersection of Mill Street and Twelfth Avenue, East, Olson's car was not then approaching, or was not simultaneously approaching the intersection of said streets, then I instruct you that the plaintiff would have a right to proceed through the intersection, and if you find from the evidence in the case that after the plaintiff had entered the intersection of Twelfth Avenue, East, and Mill Street, the Olson car approached the intersection, then I instruct you that the plaintiff would have the right of way, and under the statute, it would have been the duty of the defendant Olson to stop and give way until the plaintiff had traversed the intersection, and if you find from the evidence in the case that the plaintiff had entered the intersection and was in the intersection when Olson approached the intersection of said streets and if Olson did not give way and the collision resulted and if that was the proximate cause of the accident, then I instruct

you that it would be a violation of the statute and defendant Olson would be guilty of negligence *per se,* that is, negligence in and of itself, and in that event, if you find that state of facts existed at the time of the accident, the defendants would be liable and your verdict should be for the plaintiff."

Defendants reserved an exception to this portion of the charge to the jury.

General Laws of Oregon, 1921, Chapter 371, subdivision 2, section 7, page 710, provides, in part, that "drivers, when approaching highway intersections, shall look out for and give the right of way to vehicles on their right, simultaneously approachng a given point."

Defendants contend that the court erred in instructing the jury that if they found from the evidence that the car in which plaintiffs were riding had entered the intersection first, the plaintiffs would have the right of way, and that the failure of the defendant to give way would be a violation of the statute and constitute negligence *per se.*

Their contention is that the statute requires the driver of a car to look out for and give right of way to vehicles on their right "simultaneously approaching a given point." "The fact that his car may have entered the intersection first, does not relieve the driver on the left from his duty, under the statute, to look out for and give way to the car approaching on his right, if by continuing at the same rate of speed they will meet at a common point in the intersection." With this interpretation of the statute we are unable to agree.

The court properly construed the statute in its charge to the jury and we approve the instruction above quoted. To hold that the point referred to in the statute means the point where two cars would

come in contact, if they continued when approaching an intersection of a highway, would not interpret the law in the way intended by the legislature.     To confine such point to the center of an intersection of streets, or practically at actual place of contact where two cars might collide, would, in effect, make the provisions apply after the accident occurred, or so near the time it occurred as to render the provisions of the statute worthless.     This case, upon the point mentioned, is disposed of by authority of the case of *Castro* v. *Hansen* (Or.), 261 Pac. 428.

2. In the present case the testimony tended to show that when the car in which the plaintiffs were riding approached the intersection mentioned, the driver looked to the right and saw no car approaching. That the car occupied by plaintiffs approached the intersection of the street before the car of the defendants was near such intersection.  That when the Todd car entered the intersection of the street the car of defendants was about a half a block away. Under these circumstances the plaintiffs' car had the right to proceed across the intersection, if it would appear to an ordinarily prudent person that he could do so with safety.  As said by Mr. Justice BELT, in discussing the right of an automobile approaching an intersection and looking out for and giving the right of way to a car approaching the intersection from the right, in *Castro* v. *Hansen, supra,* at page 430 of the Reporter:

"His conduct in this respect must be measured by the degree of care which an ordinarily prudent person would have exercised under the same circumstances.     The law cannot establish any arbitrary standard in such matters.     The fact that he looked and did not see the automobile approaching does not, as a matter of law, convict him of negligence, al-

though it might be a sufficient reason for a jury to do so. When he approached the intersection, he was called upon, in the light of all the facts and circumstances as they would have appeared to a person of ordinary caution and prudence, to determine whether he could cross it with a reasonable degree of safety. If there was no reasonable apprehension of danger, in view of the rate of speed and distance of the automobile approaching from the right, the plaintiff had the right to proceed.''

3. The other error complained of by defendants is that the court erred in failing to instruct the jury upon the question of contributory negligence. There was no evidence in the case upon which to base such an instruction. The only claim made by defendants is that the two plaintiffs, who were riding in the car with George H. Todd, the driver, did not warn or instruct him in regard to entering the intersection of the street. It is not shown or pretended that the plaintiff-passengers had any knowledge in regard to the street, or the driving of the car, or approach of the defendant's car that was not possessed by the driver, George H. Todd, or any reason why either of the two passengers should exercise the prerogative of a ''back-seat driver.''

4. While the negligence of the operator of an automobile is not chargeable to a passenger, still the passenger is bound to exercise such care for his own safety as the exigencies of the situation require. Where the passenger has an opportunity to do so, it is his duty to learn of danger and avoid it if practicable: Berry on Automobiles, p. 498, § 520.

There was no error in the failure of the court to instruct the jury in regard to contributory negligence. The court carefully instructed the jury as to

all the issues in the case and plainly submitted them
to the jury.

Finding no error in the record the two judgments
of the Circuit Court are affirmed.          AFFIRMED.

RAND, C. J., and BROWN and BELT, JJ., concur.