Argued March 7; affirmed July 1, 1930

## LAWRENCE *v.* TROY

(289 P. 491)

*Frank S. Senn* of Portland (Senn & Recken of Portland, on the brief) for appellant.

*Arthur I. Moulton* of Portland (Lord & Moulton of Portland, on the brief) for respondent.

MoBRIDE, J.   As this cause must be tried again, we will only briefly state our conclusions.

■  We think the defense of "joint adventure" was not sustained by the evidence and that the court acted properly in excluding it from the jury.  The plaintiff was an intimate friend of both the defendant and his sister who lived with him and constituted the whole of his family.  For several years plaintiff had enjoyed the hospitalities of Miss Troy at her cottage at the beach, being given a room free of charge, but paying for her food.  She occasionally assisted Miss Troy with her work, but evidently this was voluntary and in the capacity of a friend and not as a compensated employee.  Miss Troy was glad to have her company and she was glad to be at the beach as Miss Troy's guest.  As Miss Troy testified, "Mrs. Lawrence always had a standing invitation to go to my house at the beach, whether I went or not."   Mr. Troy's automobile was the family automobile and both he and his sister were glad to have her go with them.  On the occasion in question, Miss Troy was making a trip to the beach to put some cottages she owned in condition for the entertainment of summer travel and plaintiff accompanied her, as she frequently did, as a welcome guest, and Mr. Troy naturally took her, not only as his sister's friend but as his own friend.  There was no more of the character of a "joint venture" about it than there is when a young man, at his own suggestion or hers, takes his "best girl" out for a drive.

■ ■ Plaintiff was seated in the rear seat of the automobile which was piled up with bedclothes and like articles on the left side so that she could not see through the window on the left side of the car and only imperfectly in front by looking between defendant and his sister. The window at her right was unobstructed. She had ridden with defendant many times and testified that she had always found him a careful driver. Under these circumstances, she was not required to keep watch on the road or to do "back seat driving." If any danger had come to her notice and she had realized its existence, it would have been proper for her to warn the driver, if she had time to do so before the accident. The circumstances, as detailed by the witnesses, absolutely fail to show a situation where the plaintiff had an opportunity to observe the situation at the place of the accident until too late for a warning, if a warning was given, to be effective. The car was under the supervision of a driver, who, her past experience with him indicated to her, was prudent, careful and to be trusted, and there was nothing to call forth the following instructions:

"It is the duty of a guest or a passenger in an automobile to exercise reasonable care for his or her own safety, and if he knows and understands the negligent operation of the automobile and appreciates the danger involved, it is his duty to object or remonstrate to such negligent operation of the automobile, providing the guest or passenger has adequate opportunity to do so, so that if after having such knowledge, understanding and appreciation of the negligence and danger and also ample or adequate opportunity to protest or remonstrate against such negligence, the guest fails to do so, he must be held to have acquiesced in the negligent operation of the automobile, and if he adopted the negligence as his own he cannot recover for any injury caused by the negligence in which he has acquiesced, or which he has adopted.

"In this connection you are instructed that if you find from a preponderance of the evidence in this case that the plaintiff while riding along in this automobile saw the conditions there, knew them, and was familiar with the manner in which Mr. Troy was driving the automobile; knew, understood, and appreciated the danger, if any, at that particular place, and could see the same and the same was obvious, yet nevertheless made no protest about his driving but acquiesced in it, and if you further find that she had opportunity to protest if she wanted to but notwithstanding that knowledge and the opportunity to protest, acquiesced in his driving and the manner in which he drove, then under those circumstances, she must be held to have adopted his negligence, if any, as her own, and would not be entitled to recover.

"The court did not intend and I think the jury so understood—if they did not understand—the court will instruct you now that there is no question involved in this case of contributory negligence on the part of the plaintiff herself. It is not claimed that she was negligent by any act that she did. The only claim is that when she had full knowledge of the whole situation and appreciated the danger, and claiming that she had an opportunity to do so, she failed to protest or remonstrate against the manner in which the automobile was being operated at the particular time and place, and as the court instructed you before, if there was an ample opportunity to protest and if the plaintiff had full understanding and appreciation of the situation—of all the facts and circumstances surrounding the conditions there—and did know and fully appreciate the danger, if any, and did know and fully appreciate the negligence, if any, on the part of the defendant, and had ample and adequate opportunity to make any protest or warning and failed to do so, under the law, she is considered to have acquiesced."

By reason of this error, the court was justified in setting aside the verdict.

■ The court did not err in refusing to direct a verdict in favor of plaintiff. The testimony was very conflicting. On the one hand, if the jury believed the testimony of plaintiff's witnesses, there was enough to have justified them in finding a verdict in her favor; and, on the other hand, if they accepted the testimony of defendant and his witneses, they had abundant grounds to hold the defendant blameless. In the face of this contradiction in the testimony, it would have been gross error for the court to have said: "Ladies and gentlemen of the jury, you will return a verdict in favor of plaintiff for $50,000," or for any other amount.

■ We find no rule that prohibited defendant's counsel from withdrawing their motion for a directed verdict for defendant, and able counsel for plaintiff has cited us to no authority to that effect. In view of the contradictory evidence on many important features of this case, we deem it best that the action of the court in granting a new trial should stand, rather than that we should attempt to retry it here upon the transcript.

The order of the circuit court is affirmed.

Coshow, C. J., Rand and Rossman, JJ., concur.