Argued March 28; affirmed May 14, 1946

# HOLZHAUSER *v.* PORTLAND TRACTION COMPANY ET AL.

(169 P. (2d) 127)

*John F. Conway,* of Portland (with Henry G. Kreis, of Portland, on brief) for appellant.

*Randall B. Kester,* of Portland (with Maguire, Shields & Morrison, of Portland, on brief) for respondent William L. LaVigne.

*John J. Coughlin,* of Portland (Griffith, Peck, Phillips & Nelson, of Portland, on brief) for respondent Portland Traction Company.

Before ROSSMAN, Acting Chief Justice, and KELLY, BAILEY, LUSK, BRAND, and HAY, JJ.

BAILEY, J. This action was instituted by Charles Holzhauser, as administrator of the estate of Alice M.

LaVigne, deceased, against defendants, Portland Traction Company, a corporation, and William L. LaVigne, to recover damages for the death of his decedent, alleged to have been caused by defendants' negligence in a collision between a trackless trolley bus, owned and operated by defendant corporation, and an automobile, owned and operated by defendant LaVigne, in which decedent was riding as a guest. From a judgment in favor of the defendants, plaintiff has appealed.

The accident occurred on North Greeley avenue in the city of Portland, a few feet north of the intersection of that avenue with North Alberta street. This avenue extends generally northwesterly and southeasterly, sloping slightly to the southeast, with a paved surface of 27' 6" in width. The middle of the pavement was marked with a yellow line dividing it into two lanes of traffic. It is one of Portland's heavily traveled thoroughfares.

A few minutes before 5 o'clock in the afternoon on January 18, 1943, defendant LaVigne was driving his Dodge automobile in a northerly direction on North Greeley avenue. In the front seat and to his right was his mother, the decedent, and in the rear were his father and uncle. As the LaVigne car approached the place of the accident, it crossed the center line in the highway into the left or west lane and traveled for some distance in that lane. A trolley bus was proceeding downgrade in a southeasterly direction and in the west lane of traffic when the operator thereof, according to his testimony, saw the LaVigne car cross into his lane of traffic about 100 to 150 feet in front of the trolley bus. Neither the bus nor the automobile was then traveling more than 25 miles an hour. The operator of the bus immediately "started slowing down" and, in an attempt to avoid a collision with

the automobile, steered the bus to his left. At about the same time the automobile swerved suddenly to its right and collided head on with the trolley bus, a few feet east of the center line of the avenue. Mrs. LaVigne died as a result of the injuries received in this accident.

Three assignments of error are presented by the plaintiff, all of which are based upon instructions given by the court. The first two instructions apply only to the defendant Traction Company and the third instruction to the defendant LaVigne.

The first assignment relates to an instruction on contributory negligence on the part of the decedent, Alice M. LaVigne. It was excepted to by plaintiff on the ground that there was no evidence in the case that Mrs. LaVigne was guilty of contributory negligence. The answer of the Traction Company alleged contributory negligence on her part and no question is raised here as to the sufficiency of that pleading.

There was evidence introduced that defendant La-Vigne's automobile traveled for a block and one-half to two blocks on the wrong or west side of the avenue immediately preceding the collision; that during that time all four of the occupants of the car were looking to their left at a disabled tanker in the Willamette river, and that Mrs. LaVigne knew the automobile in which she was riding was on the wrong side of the highway and that she saw the trolley bus approaching from the opposite direction. The record fails to disclose that she did anything to protect herself from the impending danger.

Mrs. LaVigne, a guest passenger, was not chargeable with the negligence of her son in the management of the Dodge automobile. 4 Blashfield, Cyclo-

pedia of Automobile Law and Practice, Perm. Ed., § 2491, p. 291; *Gilman v. Olson,* 125 Or. 1, 265 P. 439. She, however, had a duty to exercise ordinary care for her own safety, and if she failed to do so, plaintiff can not prevail. Blashfield, id., § 2391, p. 186; *Whiting v. Andrus,* 173 Or. 133, 144 P. (2d) 501; *Koski v. Anderson,* 157 Or. 349, 71 P. (2d) 1009; *Layman v. Heard,* 156 Or. 94, 66 P. (2d) 492. She knew that her son was on the wrong side of the highway and she knew of the approaching trolley bus. It is said in *Whiting v. Andrus,* supra, that "if a guest passenger is aware that the driver of the car 'is carelessly rushing into danger', ordinary care for his own safety may require that he should take appropriate measures to protect himself." And in *Lawrence v. Troy,* 133 Or. 196, 289 P. 491, the court, after ruling that under the facts there involved, plaintiff, a guest passenger, was not required to keep a watch on the road or to do "back seat driving", observed that "if any danger had come to her notice and she had realized its existence, it would have been proper for her to warn the driver, if she had time to do so before the accident." See also *Koski v. Anderson,* supra; *Layman v. Heard,* supra.

■ Whether Mrs. LaVigne exercised ordinary care to protect herself, after she became aware of her peril, is to be tested by what a reasonably prudent man, under the circumstances disclosed by the evidence, would have done to insure his own safety. *Krause v. Southern Pacific Co.,* 135 Or. 310, 295 P. 966; *Koski v. Anderson,* supra. The question of whether a guest passenger is guilty of contributory negligence is usually one to be determined by the jury. *Whiting v. Andrus,* supra; *Krause v. Southern Pacific Co.,* supra. No error was committed by the trial court in submitting that question to the jury inasmuch as more than one reason-

able deduction may be drawn from the evidence in the case.

The second assignment of error is based upon the giving of the following instruction: "If you find that the accident was unavoidable as far as the bus driver was concerned, you will return your verdict in favor of the defendant Portland Traction Company." The plaintiff asserts that this instruction is erroneous on the ground "that the evidence affirmatively shows that the bus driver could have avoided the accident". Immediately prior to giving this instruction the court told the jury:

> " * * * that if the driver of the bus was acting in an emergency not created by any fault or neglect on his part, he was not required to exercise the same degree of care and caution that would be exercised by a reasonably prudent person not acting in an emergency. If, under the conditions disclosed by the evidence, the driver of the bus exercised that degree of care which would have been exercised by a reasonably prudent person acting in an emergency not created by his own negligence, then you will return your verdict in favor of the defendant Portland Traction Company."

In *Hanks v. Norby*, 152 Or. 610, 54 P. (2d) 836, it is stated that the use of the term "unavoidable accident" has been recognized and approved by this court "as meaning an accident not resulting from the negligence of defendant." Citing numerous cases. See also *Murphy v. Read*, 157 Or. 487, 72 P. (2d) 935; *DeWitt v. Sandy Market, Inc.*, 167 Or. 226, 240, 115 P. (2d) 184. And in *McVay v. Byars*, 171 Or. 449, 458, 138 P. (2d) 210, it is said that the giving of an instruction on unavoidable accident "is merely a more involved and clumsier manner of saying that they should find for defendant if they should determine that he had not been negligent in any respect as alleged."

 Neither the giving nor the failure to give an instruction similar to the one here assailed would constitute reversible error under the holdings of this court. See cases last cited. We do not, however, encourage the giving of an instruction relating to an unavoidable accident when limited to one of the parties to the action. *McVay v. Byars,* supra. "A plain and uncomplicated definition of unavoidable accident is, one which 'occurred without any negligence on the part of either of the parties to the action.' " *McVay v. Byars,* supra.

We find no error in the giving of the two instructions hereinbefore mentioned.

Only one other assignment is discussed in the plaintiff's brief. It is based upon an exception to the following instruction:

> "If you find from the evidence that the defendant William LaVigne was requested by his parents to take them to the residence of their son Timothy LaVigne, then I instruct you that if William LaVigne did so at their request, he would be their agent in that respect and if he was negligent in the operation of the automobile, whereby a collision occurred and Alice LaVigne received injuries resulting in her death, she and her husband, as her beneficiary, are bound by William LaVigne's negligence, and your verdict must be for the defendant William LaVigne."

This instruction was given at the instance of defendant LaVigne. He contends that it is correct but cites no authority in support of it except *Robison v. Oregon-Wash. R. & N. Co.,* 90 Or. 490, 176 P. 594, wherein the court states "that the negligence of the driver is to be imputed to one riding with him when he is a servant and the latter is his master, or when

he is the agent for that purpose, in control of the machine''.

The evidence in the instant case is to the effect that the defendant LaVigne was transporting his uncle, Paul LaVigne, to the Oregon Shipyard and was going with his mother and father to his brother's home. Defendant LaVigne stated, according to the testimony of Mr. Closson, that he ''didn't want to make the drive but he was the only one of the people that had a driver's license so it fell to him to drive the car.'' And from this statement, which was attributed to him, defendant LaVigne argues that ''the jury could well find that he made the trip at the request of his parents and for the convenience of the rest of the family.''

It can not be reasonably contended that Mrs. LaVigne had any right or authority to give orders to her son for the operation of the car. He was under no duty to obey any directions which she might attempt to give him with respect to the manner in which the automobile should be used or operated. When she entered the automobile it was at the express or implied invitation of her son, whose guest she was during the trip, even though she had suggested or requested that it be made. There must be some right to a voice in the control, management or direction of the vehicle in order to impute to an occupant or passenger in a car the negligence of the driver. *Mork v. Caslov,* 327 Pa. 298, 192 A. 903; *Lockhart v. Ross,* 191 Ark. 743, 87 S. W. (2d) 73; *Morrissey v. Kirkelie,* 5 Cal. App., (2d) 183, 42 P. (2d) 361; *Atlanta & W. P. R. Co. v. McCord,* 54 Ga. App. 811, 189 S. E. 403. ''A driver who voluntarily undertakes to carry a passenger to a place where the latter has expressed a wish to go is not the servant, but is, instead, the host of such passenger, where the latter has no control over the

operation of the vehicle, and consequently the driver's negligence is not imputable to the passenger on any theory of master and servant." 4 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., § 2498, p. 324.

It is contended by defendant LaVigne that this last instruction was harmless for the reason that the judgment "appealed from was such as should have been rendered in the case". The case of *LaVigne v. LaVigne,* 176 Or. 634, 158 P. (2d) 557, decided May 2, 1945, arose out of the same accident. In that case Edward La Vigne was plaintiff, and the only defendant was William LaVigne, his son. Judgment was recovered in the circuit court in favor of the plaintiff, and on appeal it was reversed and judgment entered for the defendant. We there held that the evidence was insufficient to establish gross negligence on the part of the driver of the automobile. The facts in this case, insofar as they affect the liability of defendant LaVigne, are substantially the same as those in that case.

■ Not every error committed by the trial court requires, or even justifies, a reversal. Unless the rights of the appellant are substantially affected, the error is harmless and the judgment should be affirmed. § 10-810, O. C. L. A. We have carefully considered the entire record in this case, including "the whole testimony, the instructions of the court to the jury, and any other matter material to the decision of the appeal", and are of the opinion that the judgment entered in the circuit court "was such as should have been rendered in the case," and therefore, in compliance with § 3, article VII, Oregon Constitution, it is affirmed.