Argued February 4; Affirmed March 2, 1948

# WALLER *v.* HILL

190 P. (2d) 147

*K. C. Tanner,* of Portland, argued the cause for respondent. On the brief were Tanner & Clark.

*James Arthur Powers,* of Portland, argued the cause and filed a brief for appellant.

Before ROSSMAN, Chief Justice, and BELT, BAILEY, BRAND and HAY, Justices.

BELT, J.

This is an action to recover damages for personal injuries resulting from an automobile collision. From a judgment in favor of plaintiff in the sum of $5,000.00, the defendant appeals.

Plaintiff was a guest passenger riding in the front seat of a Chevrolet coupe owned and operated by Martin H. Baars. They were riding in an easterly direction on Canyon Road—a hard-surfaced, two-lane highway approximately twenty feet in width leading from Beaverton to Portland. Plaintiff and her companion were returning from a dance about 1:30 o'clock in the morning on June 15, 1946. A head-on collision occurred about the center of the highway between the Baars car and the one driven by the defendant, which was going westerly on the highway.

There is much conflict in the evidence as to how the collision occurred. Baars testified that he kept

on his right side of the highway and that he followed a car just ahead of him traveling at twenty miles per hour, which he thought was going to make a left turn. He said there was the usual Saturday night traffic and that he first saw the lights of the defendant's car about thirty feet away when it came directly toward him. The defendant thus gives her version of the accident:

"Q * * * When did you first see the Baars car?

"A Well, I was going west on Canyon Road and all of a sudden I observed the headlights coming onto my side of the road. I would say it was about a block and a half to two blocks away from me.

"Q * * * When you saw those headlights was there any car between you and the Baars car proceeding in the same direction as the Baars car?

"A There were no lights between us.
* * * *

"Q Then you were going about how fast, Mrs. Hill?

"A I would say I was going about forty miles an hour.

"Q And as this car approached, did you observe anything unusual about it?

"A Yes, I observed it was partially on my side of the highway and coming more so all the time.

"Q Then what did you do about that?

"A Well, my first inclination was to pull to the right, which I did start to do, and as my wheels went off the side of the road I felt the gravel; because it was a dark night, you couldn't determine the side of the road well enough to know just how much room you had, and the car proceeding in the manner in which it was proceeding, I could not possibly have missed it on the right, anyway.

"Q And what did you do then?

"A Well, then when I saw that I couldn't possibly miss it on the right, that it would hit the left

side of my car where I was driving, I decided there was only one thing left to do and I pulled as hard and as fast as I possible could to the left; I thought, well, I will take his side of the road, and by that means avoid an accident.

\* \* \* \*

"Q And what did his car do about the same time?

"A He recovered at exactly the same time I pulled back to the right and we collided."

Defendant asserts that the court erred in withdrawing from the consideration of the jury the question of whether the plaintiff was guilty of contributory negligence. In our opinion, this contention cannot be sustained for two reasons: (1) There is not a proper plea of contributory negligence. (2) There is no substantial evidence tending to show contributory negligence of the plaintiff.

The defendant alleged that "plaintiff herein acquiesced, assumed and adopted as her own the negligent manner, as specified above, (referring to the alleged negligence of Baars) in which the car in which she was riding was being driven." It is fundamental that to rely on contributory negligence as a defense, it is necessary to allege specific acts of negligence. *Flatman v. Lulay Brothers Lumber Co.,* 175 Or. 495, 499, 154 P. (2d) 535, and authorities therein cited. The pleading in question states merely the conclusion of the pleader, and such will not suffice.

We recognize the elementary rule that it was incumbent on plaintiff, as a guest passenger, to exercise reasonable care to avoid injury. *Hamilton v. Haworth,* 44 Ore. Advance Sheets 225, 177 P. (2d) 409; *Koski v. Anderson,* 157 Or. 349, 71 P. (2d) 1009. The presumption, however, is that she did exercise such care. There is no evidence showing, or tending to show

that plaintiff failed to act other than a person of ordinary caution and prudence would have acted under similar circumstances. *Whiting v. Andrus,* 173 Or. 133, 144 P. (2d) 501. Plaintiff was rendered unconscious as a result of the collision, and remained so for several hours. The only thing that she remembered about the accident was that she saw "the lights coming across the road toward us." On cross examination she was asked:

"Q  As I understand it, the first that you noticed the other car at all was when Mr. Baars yelled 'lights' and you saw some lights?
"A  That is all I remember of it.  Of course, my recollection is not too good of that night.
\*  \*  \*  \*
"Q  He yelled 'Lights' and you saw the lights?
"A  That is right."

■ We are at a loss to know what plaintiff could have done to avoid this accident. If Baars saw the lights of the defendant's car, it would have been a vain and idle thing for plaintiff to have called his attention to the same. It is argued in the brief of defendant that plaintiff should have warned Baars about traveling on the wrong side of the road. Assuming that Baars did so travel on the wrong side of the highway, for aught that the record discloses she might have thus warned him. The burden of showing contributory negligence rests on the defendant. No error was committed in withdrawing the issue of contributory negligence from consideration of the jury.

■ Error is assigned on the giving of an instruction as to the statutory duty of an operator of an automobile to drive on the right-hand side of the highway, without modifying such instruction to cover the factual

situation involved in this case. Counsel for defendant thus excepted to the instruction:

"We further ask for an exception to the Court's failure to continue on with the statutory instruction with respect to driving on the right-hand side of the road. Under the facts of this case and the theory of the defendant, it should have been modified along the lines of authorities cited to the Court, namely the Weinstein case, in 135 Oregon, and the later case of LaVigne vs. Portland Traction Co., 42 Advance Sheets 1090, 170 P. (2d) 709; and Weinstein v. Wheeler, 135 Oregon 518, at pages 529 and 530, 295 P. 196, 296 P. 1079."

There is no merit in this assignment for several reasons: (1) No proper exception was taken to the instruction. *Mercer v. Risberg,* 46 Ore. Advance Sheets 13, 188 P. (2d) 632. (2) There was no request by defendant for the court to give any modification of the statutory rules of the road. (3) The court in other parts of its charge fully instructed the jury as to the duty of a driver of a vehicle suddenly confronted by an emergency.

The judgment of the circuit court is affirmed.