Argued June 3, affirmed November 5, 1971

EGGIMAN, *Appellant, v.* YOUNG, *Respondent.*

490 P2d 172

*Dale Jacobs,* Oregon City, argued the cause for appellant. With him on the brief were Hibbard, Jacobs, Caldwell & Canning, Oregon City.

*Walter J. Cosgrave,* Portland, argued the cause for respondent. With him on the brief were Maguire, Kester & Cosgrave and James H. Gidley, Portland.

O'CONNELL, C. J.

This is an appeal from a jury verdict for defendant in an action for personal injuries resulting from an automobile accident.

Plaintiff, her husband, and her husband's parents were passengers in an automobile driven by plaintiff's husband, traveling east on Glen Echo road. The accident occurred at the intersection of Glen Echo road and Highway 99E in Clackamas county. Plaintiff was seated in the left rear, behind her husband. Her mother-in-law was in the right rear, and her father-in-law was in the right front. Plaintiff's husband stopped at the stop sign on Glen Echo road, halting slightly forward of the stop sign in order to better observe traffic on Highway 99E. All occupants of plaintiff's car looked for traffic and reported seeing none. Plaintiff's husband, the driver, also saw no oncoming traffic. They proceeded easterly across 99E, a four-lane road, which is 87.6 feet wide at the point of the collision. They were struck in the right rear by defendant's automobile just before clearing the far side of the highway.

Defendant stated that he was traveling north on 99E at a speed of about 45 miles per hour. He testified that he first saw plaintiff's vehicle as it was ahead and to his left, crossing the middle of the southbound lanes and some five or six car lengths, or 100 to 150 feet,[①] ahead of him. Defendant stated that he immediately applied the brakes, skidded, and tried to swerve behind plaintiff's car, but was unsuccessful. At the point of impact, defendant's car was approximately astride the line dividing the two northbound lanes. The impact spun plaintiff's car around, causing it to strike a car standing at the stop sign on the east side of Glen Echo road, heading west.

It was a clear, dry night, with no obstructions to visibility other than glare from the lights of business establishments along the highway. Highway 99E slopes down to the south of Glen Echo road so that defendant's northbound car could not be seen at a point about 783 feet south of the intersection, nor could defendant have seen the intersection beyond that distance. Glen Echo road crosses 99E at a very slight angle, so that plaintiff's car was headed very slightly northeast across the intersection, while defendant approached from the south. The posted speed on 99E at that point is 50 miles per hour.

■ Plaintiff alleged that defendant was negligent in failing to maintain proper lookout, speed and control. Defendant charged plaintiff with contributory negligence, claiming that she undertook to observe traffic and to direct the progress of the vehicle in which she was a passenger and failed to carry out such observa-

---

[①] Defendant stated that the two estimates of distance were equivalent.

tion and direction in a proper manner. These issues were submitted to the jury, which returned a general verdict for defendant. It is therefore impossible to determine whether the jury found defendant not negligent, or plaintiff contributorily negligent.[2]

■■ There is little evidence of defendant's negligence. Defendant's testimony that his speed was about 45 miles per hour was undisputed and partly corroborated by a following driver. Several photographs of the damaged cars were introduced and an officer testified that defendant left a visible skid mark 102 feet in length. There is nothing in this evidence which is inconsistent with defendant's own testimony as to speed;[3] thus, there is no evidence from which the jury could properly have drawn an inference of excessive speed. However, there was evidence from which the jury could have found that defendant failed to exercise proper lookout and control. This was not a case in which plaintiff's vehicle suddenly appeared from concealment. Plaintiff's car traveled from the far side of a four-lane road, across the center line and nearly to the other edge of the highway before impact. Defendant testified that he first saw the other vehicle as it was crossing the two southbound lanes, before it crossed the center line to his side of the road. From these facts the jury might have concluded that had

---

[2] The court apparently desired to separate these questions, if possible, but felt it could not and still submit both issues to the jury. This case seems to be peculiarly amenable to the use of special interrogatories permitted by ORS 17.415. The possibility of confusing the jury or obtaining inconsistent special findings seems extremely remote in the circumstances of this case.

[3] Francis v. Burns, 255 Or 156, 458 P2d 934 (1970). The impossibility of computing defendant's speed from this physical evidence is apparent. See Lacy, Automobile Accident Cases, Scientific Reconstruction (1968).

defendant exercised better lookout or proper control of his vehicle, he could have avoided the accident.[4]

Since defendant's freedom from negligence cannot be established as a matter of law, it becomes necessary to consider the alleged contributory negligence of plaintiff.

Plaintiff and her husband testified that all of the passengers of their car helped advise the driver of oncoming traffic. On cross-examination, the husband testified as follows:

"Q. Of course, you were the driver but were the others observing?

"A. Yes.

"Q. And reporting to you?

"A. We played a little game. Ready on the left, ready on the right. We all helped one another.

"Q. And everybody participated?

"A. Yes.

Plaintiff testified as follows:

"Q. And was there any conversation between the passengers and the driver about it being all clear?

"A. Oh, yes, yes. We all looked and helped drive.

"Q. And you all did that on this occasion?

"A. Yes, I do it all the time.

"Q. And you said, 'It's all clear,' is that about right?

"A. We saw nothing."

█ In the circumstances of this case, the court properly instructed the jury that plaintiff, simply as a passenger in a vehicle driven by her husband, had no

---

[4] Hess v. Larson, 259 Or 282, 486 P2d 533 (1971).

duty to keep any lookout or to exert any control over the vehicle's operation.[6] However, defendant asserted that plaintiff had assumed such a duty and the court gave the following additional instructions defining plaintiff's duty in this respect:

> "However, I instruct you that where a passenger in a vehicle voluntarily or at the driver's request voluntarily assumes and exercises part or all of the duty of keeping a lookout or maintaining control over the vehicle, and in so doing conveys to the driver his or her observation or direction based upon such lookout or control voluntarily exercised, then such voluntary lookout or control by the passenger must be exercised with the same degree of care that a reasonable and prudent person would exercise under the same or similar circumstances in volunteering such lookout or control.

> "I instruct you that if you find by a preponderance of the evidence that the plaintiff herself and not some other passenger in the car but the plaintiff herself in fact voluntarily maintained a lookout or control over the vehicle in which she was riding, and further that she conveyed to the driver her observation or directed control as a result of such voluntary lookout, and further that in volunteering such lookout or control she failed to maintain the degree of lookout or control as a reasonable and prudent person would have maintained under the same circumstances, then the plaintiff would be negligent."

Plaintiff excepted to the foregoing instruction on the ground that it "was entirely abstract, that it does not properly state the law of the state * * * even if

---

[6] Savage Adm'x v. Palmer et al, 204 Or 257, 275-76, 280 P2d 982 (1955); 5 Blashfield, Automobile Law and Practice § 215.13, 326-28 (3d ed 1966); Restatement (Second) of Torts § 495, comments c and d (1965).

you conclude that contributory negligence is an issue for this jury * * *."

■ A passenger who assumes a part of the duty of keeping a lookout can be found to be contributorily negligent if the passenger fails to exercise reasonable care in carrying out the duty undertaken. In such circumstances plaintiff's liability is predicated upon the reasoning that plaintiff's undertaking is likely to cause the driver to relax his vigilance in the operation of the vehicle.

■ The first paragraph of the instruction quite clearly states the proper principle. The second paragraph of the instruction apparently was intended to state the same principle and, in addition, to emphasize that the duty is imposed upon plaintiff only if "the plaintiff herself and not some other passenger in the car" assumed that duty. The second paragraph of the instruction can be criticized in that it did not include in the statement of plaintiff's duty the requirement that plaintiff must have undertaken to keep a lookout. However, we do not regard this omission as critical because we think that the jury would regard the second paragraph as a further explanation of the first, emphasizing the point we have already referred to, i.e., that the duty arises only if plaintiff and not some other passenger assumed the duty to keep a lookout.

■ The remaining question is whether there was evidence in the present case to establish that plaintiff had undertaken a part of the driver's duty to keep a lookout from which the jury could infer that the driver, relying upon that undertaking, would have relaxed his vigilance. The testimony set out above is, in our opinion, sufficient to show such an undertaking. It appears that all of the occupants of the car "all

helped one another" and "everybody participated" in keeping a lookout.

■ Plaintiff, having participated in this joint undertaking, could reasonably assume that the driver might rely upon her vigilance and thus relax his own. Having undertaken a part of the driver's duty, plaintiff would be required to exercise reasonable care in discharging it. The jury could have found that she did not.

The judgment is affirmed.

Tongue, J., concurs in the result.