Argued and submitted January 20, reversed and remanded April 26, 1982

# BRAWNER,
*Appellant,*
*v.*
# RICHARDSON,
*Respondent.*

## (No. A8004-01979, CA A21249)

643 P2d 1365

Robert L. McKee, Portland, argued the cause for appellant. On the brief was Gerald R. Pullen, Portland.

Timothy N. Brittle, Portland, argued the cause for respondent. With him on the brief was Acker, Underwood, Beers & Smith, Portland.

Before Gillette, Presiding Judge, Young, Judge, and Roberts, Judge Pro Tempore.

YOUNG, J.

## YOUNG, J.

This is an action for personal injuries resulting from a collision between an automobile in which plaintiff was a passenger and an automobile operated by defendant. The jury found plaintiff 75 percent negligent and defendant 25 percent negligent. Plaintiff appeals.

Plaintiff alleged that defendant was negligent in failing to maintain proper lookout, control and speed and failing to yield the right-of-way. Defendant charged plaintiff with contributory negligence in that plaintiff had undertaken to aid her driver in looking out for other traffic and was negligent in that undertaking by failing to maintain a proper lookout and in failing to warn her driver of defendant's approaching vehicle. We review the evidence in the light most favorable to defendant. *Brewer v. Erwin,* 287 Or 435, 600 P2d 398 (1979); *Allison v. Shepherd,* 285 Or 447, 591 P2d 735 (1979); Or Const, Art VII (Amended), § 3.

The collision occurred during daylight hours on a clear and dry day at an uncontrolled intersection in Portland.[1] Plaintiff was sitting in the right front seat of an automobile operated by her friend, Mrs. Zimmerman. The Zimmerman automobile was traveling north. Defendant's automobile was traveling east. The Zimmerman automobile was following an automobile which began to slow down about one-half block from the intersection in order to turn right into a driveway. The Zimmerman automobile stopped while the automobile ahead made its turn, and then Mrs. Zimmerman proceeded on toward the intersection. Mrs. Zimmerman testified that a hedge obstructed her view of the intersection and that she drove beyond the hedge in order to look for other traffic. There was evidence that she briefly stopped at the intersection before driving forward. She did not see any vehicles and proceeded into the intersection at an estimated 15 to 20 miles per hour. She saw defendant's vehicle just prior to the impact and estimated its speed at 40 miles per hour. Plaintiff testified that, when the Zimmerman automobile stopped at the intersection,

---

[1] The accident occurred on October 2, 1978, at the intersection of N. E. 7th Ave. and Jessup Street. The jury was instructed that the designated speed at that location was 25 miles per hour.

she looked to her left and saw defendant's car "quite a ways down" the street, which she estimated to be nine or ten car lengths. Plaintiff believed that defendant's automobile was travelling 40 to 45 miles per hour. She did not look again until the collision. In order to see defendant's automobile, plaintiff was obliged to look over or around Mrs. Zimmerman, her driver.[2]

Defendant testified that he approached the intersection at 10 to 20 miles per hour. He looked left and right and did not see any oncoming vehicles. As he proceeded into the intersection he saw, for the first time, the Zimmerman automobile about 30 feet away. It appeared to him that plaintiff and Mrs. Zimmerman were looking down at something in the seat between them just prior to the collision.

Plaintiff argues that the defense of contributory negligence should not have been submitted to the jury and that it was error to instruct that a driver who enters an intersection at an unlawful speed forfeits the statutory right-of-way.

■ In general, a passenger has no duty to keep a lookout or effect any control over the vehicle's operation. *Eggiman v. Young,* 260 Or 261, 266-67, 490 P2d 172 (1971); *Savage Adm'x v. Palmer et al,* 204 Or 257, 275-76, 280 P2d 982 (1955); 5 Blashfield, Automotive Law and Practice, § 215.13, 326-28 (3d ed 1966). The rule is stated in *Whiting v. Andrus,* 173 Or 133, 144 P2d 501 (1943):

"* * * As a general rule, however, 'save in exceptional situations, a guest or passenger in a vehicle is not required to keep a constant lookout or to see to it that he shall be in a condition to do so.' Restatement, Torts, § 495. He need not keep a watch on the road, or do 'back-seat driving.' *Lawrence v. Troy,* 133 Or 196, 289 P 491; *Rogers v. Portland Ry., Light & Power Co.,* 66 or 244, 134 P 9. There being nothing in the circumstances which served to warn her to be on the *qui vive,* even the fact that she was daydreaming was not evidence of negligence on her part. * * *

"* * * * *

[2] The trial judge and counsel referred to plaintiff's movement when she looked to the left as a "gesture." Plaintiff demonstrated that "gesture" during her testimony. However, it is unclear from the evidence whether she leaned forward or back or in some other manner looked past the driver.

"Even if Mrs. Whiting had known of the hazard which was created by the presence of the parked cars upon the highway, the evidence is that the driver of the car was also aware thereof. She was under no duty to inform him of something which he already knew. *Gilman v. Olson,* 125 Or 1, 265 P 439; *McCrate v. Morgan Packing Co.,* (C.C.A. 6) 117 F 2d 702. However, until the collision actually took place, she knew nothing of the imminence of the danger. *She was not required to look out for possible dangers, and had not undertaken to do so. She had intrusted her safety to the driver of the car, and there is no evidence whatever to indicate that she was negligent in doing so."* (Emphasis added.) 173 Or at 138-40.

In the present case, however, defendant asserted that plaintiff had voluntarily *undertaken the duty* to maintain a proper lookout and to warn her driver of defendant's approaching vehicle. The affirmative defense alleged:

"FOR A SEPARATE ANSWER AND AFFIRMATIVE DEFENSE, Defendant alleges that at the time of the accident plaintiff had undertaken to aid her driver in looking out for other vehicluar traffic, and the accident was caused or contributed to by her negligence or fault in one or more of the following particulars:

"(1)   In failing to maintain an adequate lookout under the circumstances;

"(2)   In failing to warn of the approaching vehicle operated by defendant when plaintiff knew, or in the exercise of reasonable care should have known of the approaching vehicle."

The instruction to which plaintiff excepted is set out in the margin.[3] In *Eggiman v. Young, supra,* passengers in the automobile were helping the driver watch for other traffic. The passengers "helped drive" by reporting to the driver, "ready on the left, ready on the right." The court held that it was proper to submit to the jury the issue of a passenger's contributory negligence based on improper lookout and control:

---

[3]   "On the other hand, the defendant contends that [plaintiff] assumed part of the duty to keep a lookout * * *. If you find that plaintiff voluntarily or at the driver's request assumed a duty to maintain lookout * * * then you are instructed that the plaintiff must exercise her performance of that duty with the same degree of care that a reasonable and prudent person would exercise under the same or similar circumstances.

"A passenger who assumes a part of the duty of keeping a lookout can be found to be contributorily negligent if the passenger fails to exercise reasonable care in carrying out the duty undertaken. *In such circumstances plaintiff's liability is predicated upon the reasoning that plaintiff's undertaking is likely to cause the driver to relax his vigilance in the opertion of the vehicle."* (Emphasis added.) 260 Or at 268.

■ Under *Eggiman,* before the jury could be entitled to consider the defense of contributory negligence as alleged, there must have been evidence from which the jury could find that Mrs. Zimmerman relied on plaintiff's undertaking of a duty to keep a lookout and to warn. The trial judge found that plaintiff's "gesture" of looking past the driver was sufficient under the rationale of *Eggiman* to present a jury question on plaintiff's undertaking of the duty. "If plaintiff undertook a part of [her] driver's duty, plaintiff would be required to exercise due care in discharging it." *Eggiman v. Young, supra,* 260 Or at 269.

There is no evidence that there was any understanding between plaintiff and Mrs. Zimmerman that plaintiff undertook a duty to maintain a lookout or to warn, or that Mrs. Zimmerman relied upon plaintiff's vigilance. There was nothing to indicate that plaintiff's glance down the street was anything more than her usual reaction. We find as a matter of law that there was insufficient evidence to create a jury question as to whether plaintiff undertook a part of her driver's duty to maintain a proper lookout or to warn.

■ Defendant argues that, even if we find that the trial court erred in relying on *Eggiman v. Young, supra,* when it denied plaintiff's motion to withdraw the contributory negligence defense, we should, nevertheless, affirm the trial court because it was right for the wrong reason. *Huff v. Bretz,* 285 Or 507, 592 P2d 204 (1979). Defendant reasons

"If you find that a reasonable and prudent person in the position of the plaintiff under the circumstances then existing would have protested as to the manner in which the car was being driven, and if you find that the plaintiff with knowledge of the manner in which the car was being operated and of other conditions then and there existing failed to protest the the driver then the plaintiff would be guilty of negligence in failing to act in that manner."

that plaintiff was negligent in carrying out the general duty of a passenger to maintain a reasonable lookout and to care for her own safety. We agree that a guest passenger is not absolved from all personal care for his or her own safety, but has a duty to exercise such care as an ordinarily prudent person would exercise under like circumstances. *Petersen v. Abrems and Leatham,* 188 Or 518, 216 P2d 664 (1950); *Waller v. Hill,* 183 Or 53, 190 P2d 147 (1948); *Hamilton v. Haworth,* 180 Or 477, 177 P2d 409 (1947); *Burns v. Coast Auto Lines,* 134 Or 180, 292 P 1038 (1930); *see also* Restatment (Second) of Torts § 495, comments c, d (1965). In *Hamilton v. Haworth, supra,* the trial court stated:

> "It is the duty of a guest passenger to use ordinary care for his own safety. *Koski v. Anderson,* 157 Or 349, 71 P2d 1009. Whether he has exercised that care is usually a question of fact. *Whiting v. Andrus,* 173 Or 133, 144 P2d 501." 180 Or at 482.

The difficulty with defendant's argument is that it is not clear from the allegations of the affirmative defense that plaintiff was charged with a negligent failure to discharge the duties of a reasonably prudent passenger under like circumstances to guard against hazard and secure her own safety. The case was tried on the theory that plaintiff had undertaken a duty of lookout and warning. Defendant's requested instruction which was given by the court and which is set out in the margin at n 3, was based, at least in part, on the holding in *Eggiman v. Young, supra.* Assuming without deciding that both alternative theories of contributory negligence were pled and advanced by defendant at trial,[4] it nonetheless was error to submit to the jury the issue of plaintiff's having undertaken the duty to aid the driver.

Reversed and remanded.[5]

---

[4] At the close of the evidence and during argument on plaintiff's motion to withdraw the affirmative defense, defendant argued that a passenger had a general duty "to maintain a reasonable lookout and care for [her] own safety."

[5] In view of this result, we do not address the assignment of error concerning the instruction relating to forfeiture of the right-of-way.